UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH DONALD KELLMAN,

    Petitioner,

-vs-                                                  Case No. 8:18-cv-2640-T-02AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Kellman, a Florida inmate, initiated this action by filing a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) in which he challenges a conviction for sexual activity with a minor entered in 2009 in Hillsborough County, Florida. Respondent filed a limited response to the petition, which incorporates a motion to dismiss the petition as time-barred (Doc. 9). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

Mr. Kellman pleaded guilty to the charge and was sentenced to 60 months probation on February 5, 2009 (Doc. 10-2, docket pp. 36-37). He did not appeal. On September 16, 2009, his probation was revoked (id., docket p. 39), and he was sentenced to 15 years in prison (Id., docket pp. 41-46). His sentence was affirmed on appeal on December 17, 2010 (Id., docket p. 53).

On October 4, 2011, Mr. Kellman filed a Motion to Correct Illegal Sentence (Id., docket pp. 57-61). The motion was denied on November 16, 2011 (Id., docket pp. 64-66). The denial of the motion was affirmed on appeal on October 17, 2012 (id., docket p. 81), and the appellate

1

court mandate issued on November 15, 2012 (Id., docket p. 83).

On December 27, 2011, Mr Kellman filed a Motion for Postconviction Relief under Rule 3.850, Fla.R.Crim.P., challenging his conviction (Id., docket pp. 85-91). The Rule 3.850 motion was dismissed as untimely on February 13, 2012 (Id., docket pp. 93-96). On February 10, 2012, he filed another Rule 3.850, this time challenging the revocation of his probation (Id., docket pp. 98-102). That Rule 3.850 motion was denied on June 5, 2013 (Id., docket pp. 104-97). The denial of the motion was affirmed on appeal on September 12, 2014 (id., docket p. 114), and the appellate court mandate issued on October 7, 2014 (Id., docket p. 116).

On January 3, 2014, Mr. Kellman filed a Motion for Collateral Relief in which he alleged that his plea was involuntary due to ineffective assistance of trial counsel (Id., docket pp. 118-27). The motion was construed as a Rule 3.850 motion and dismissed as untimely (Id., docket pp. 131-34). The dismissal of the third Rule 3.850 motion was affirmed on appeal on March 11, 2015 (id., docket p. 142), and the appellate court mandate issued on June 8, 2015 (Id., docket p. 146).

On March 10, 2016, Mr. Kellman filed his fourth Rule 3.850 motion in which he challenged his conviction and argued that his judgment was void because the statute under which he was convicted was invalid (Id., docket pp. 148-52). That Rule 3.850 motion was denied on March 31, 2016 (Id., docket pp. 155-57). The denial of the motion was affirmed on appeal on December 7, 2016 (id., docket p. 164), and the appellate court mandate issue on January 6, 2017 (Id., docket p. 166).

On May 9, 2017, Mr. Kellman filed a Petition for Writ of Habeas Corpus (Id., docket pp. 168-80). The petition was denied on June 27, 2017 (Id., docket pp. 196-99). On October 3,

2017, Mr. Kellman filed a Motion for Writ of Habeas Corpus (Id., docket pp. 201-20). The motion was denied on January 8, 2018 (Id., docket pp. 223-25). Mr. Kellman's federal habeas petition was filed in this Court on October 22, 2018 (Doc. 1, docket p. 1).

**Discussion**

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. §2244(d), arguing that more than one year passed after Mr. Kellman' judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Mr. Kellman's petition challenges his conviction rather than his revocation of probation (see Doc. 1). Accordingly, the pertinent judgment here is the judgment of conviction. *See, e.g., West v. Sec'y, Dep't of Corr.*, 2011 WL 166325, at *2 fn. 6 (M.D. Fla. Jan. 18, 2011) ("Because West challenges only the 2001 convictions, the federal limitation commenced running in September 2001 when the time expired for seeking direct review of those convictions and not from the date of judgment imposed for the probation revocation."). Because Mr. Kellman did not file a direct appeal of that judgment (entered February 5, 2009), it became final 30 days later, on March 7, 2009, when the time to appeal expired. *See Armstrong v. State*, 148 So.3d 127 (Fla.

2d DCA 2014) (judgment final 30 days after its rendition, when the time to appeal expires). Mr. Kellman therefore had until March 7, 2010, to file a federal petition for a writ of habeas corpus challenging his judgment of conviction. His petition, filed in 2018, is therefore untimely.[1] Accordingly, Mr. Kellman's petition is time-barred unless he can show that he is entitled to equitable tolling of the limitations period.

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999) (per curiam)); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.2006) (petitioner must show both extraordinary circumstances and diligence). Equitable tolling only applies, however, where the litigant satisfies his burden of showing that he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010).

Mr. Kellman has not satisfied his burden of showing circumstances justifying equitable tolling. In his petition he implicitly argues that his untimeliness should be excused because he has only an 8th grade education and been treated for mental illness (see Doc. 1, docket p. 13). These allegations are entirely vague and conclusory and therefore insufficient to warrant

---

[1] Because the federal limitations period already expired on March 7, 2010, the October 2011 post-conviction motion, and each of the subsequently filed post-conviction motions, did not toll the federal limitations period. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir.2003) (Rule 3.850 motion, "filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (where Rule 3.850 motion is filed after expiration of the federal limitations

equitable tolling. *See Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("allegations supporting equitable tolling must be specific and non-conclusory"). Moreover, Mr. Kellman's limited education does not constitute an extraordinary circumstance justifying equitable tolling. *See Perez v. Fla.*, 519 F. App'x 995, 997 (11th Cir. 2013) ("we have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). Finally, Mr. Kellman's vague and unsupported allegation that he has received treatment for an unspecified mental illness since he was twelve years old does not justify equitable tolling, especially considering that the alleged mental illness did not prevent him from filing numerous post-conviction motions and appeals in state court. *See, e.g., Lawrence v. Fla.*, 421 F.3d 1221, 1227 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007) (allegation that prisoner "suffered from mental impairments his entire life[,]" without more, "is insufficient to justify equitable tolling.") (citations omitted).[2]

Accordingly, Respondent's construed motion to dismiss (Doc. 9) is **GRANTED**. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Kellman and close this case.

**Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis Denied**

A certificate of appealability will issue only if Mr. Kellman makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional

---

period, it does not toll the period under § 2244(d)(2) because no period remains to be tolled).
2 The Court agrees with Respondent that even if the limitations period commenced on the date the judgment imposed on revocation of probation became final, the petition is still time-barred (see Doc. 9, pp. 13-16).

5

claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Kellman cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on December 19, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: Ralph Donald Kellman, *pro se*
Counsel of Record